THE STATE, EX REL. VILLAGE OF MAYFIELD HEIGHTS, *v.* HIGHAM.

(Decided April 15, 1929.)

*Mr. Jules Eshner,* for plaintiff.
*Messrs. Gurney, Gurney & Gurney,* for defendant.

SULLIVAN, J. This is an original action in mandamus, and it appears that the defendant, Fred Higham, was a duly appointed building inspector of the village of Mayfield Heights, his period of service having commenced on April 15, 1928, and that for the purpose of public economy, and especially for the reason that the village might live within its income for the year 1929, the council of the village passed an emergency ordinance on February 9, 1929, by the terms of which the office was

abolished and the employment thereunder of the defendant terminated.

Denying the right of the village thus to terminate the employment and office, and claiming illegality in the proceedings relating to the passage of the ordinance in question, the defendant, after due notice of its passage, refused to turn over to the village clerk the records and other property appertaining to his office and appointment, and the prayer of the relator is that by writ of mandamus defendant be commanded to deliver all property of whatsoever nature to the village of Mayfield Heights, through its village clerk.

The cause is here upon an agreed statement of facts. The main contention by the defendant is that at the regular meeting of the council on February 6, 1929, at which meeting the ordinance in question was given its first reading, the mayor, the presiding officer of the council and a member of the body itself, prior to the adjournment of the body, departed from the council chamber, and thereupon a president *pro tem.* presided and an adjournment was had until the following day at 6 p. m., and that on that day the ordinance passed to its second reading, and on February 9, 1929, was finally enacted, there being among its terms a provision that the street commissioner should perform all the duties that were formerly performed by the building inspector. No notice was necessary for a regular meeting, but it appears that notices were necessary for special meetings, and it is claimed that the meetings subsequent to the regular meeting of the council of February 6, 1929, were invalid by reason of the fact that no notice as to these adjourned meetings had

been given the member of council who left the regular meeting before adjournment, and that therefore the ordinance is invalid, the councilman who retired before the end of the regular session having had no notice of the special meetings wherein the council stabbed the ordinance with its final action.

It is our judgment that inasmuch as the retiring councilman attended the regular session the ordinance could not be made ineffectual or invalid simply because the member left the council chamber prior to adjournment. He had been present at all proceedings of the body which occurred prior to his retirement, and thus was a duly constituted, present, and acting member of the proceedings at the regular session, and inasmuch as it does not appear that at the special sessions there was no quorum for the transaction of business, we must hold that under all the authorities on this and similar questions it was a duly constituted body that composed the adjourned session.

A deliberative assembly is governed to a large extent by parliamentary law, and one of the principles of parliamentary law is that where no question is raised as to a quorum the presumption is that a quorum is present, and unless the record makes it appear that the body is transacting business without a quorum the presumption is in favor of the regularity of the proceedings.

As we understand the record the only taint claimed in the proceedings of the special sessions is because of the absence of notice, and no substantial contention is made of the absence of any quorum, or the right to transact business at the special sessions, unless it be that the mere absence of notice, as is

claimed by the defendant with respect to the retiring councilman, is sufficient to invalidate the proceedings, but according to our analysis of the record it is our judgment that his presence at the regular meeting relieves the record of any cloud upon the proceedings of the special sessions.

Of the fact that the council had the right to abolish the office there can be no question, and it therefore follows that, upon the abolishment of the office, the officer by operation of law ceased to function, and it consequently became his duty to transfer and deliver all property connected with the office to the proper authority representing the village.

Holding these views, the writ is allowed as prayed for in the petition.

*Writ allowed.*

Vickery, P. J., and Levine, J., concur.